UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

SHANNON DOZIER,

           Defendant.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/09

S1 08 Cr. 08-02(RWS)

SENTENCING OPINION

**Sweet, D.J.**

On August 20, 2008, Shannon Dozier, a/k/a "Saine," ("Dozier" or "Defendant") pleaded guilty to one count of conspiracy to distribute and possess with an intent to distribute crack cocaine in violation of 21 U.S.C. § 846, and 6 counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and (C). For the reasons set forth below, Dozier will be sentenced to 210 months' imprisonment and 5 years' supervised release. Dozier will also be required to pay a special assessment of $700.

**Prior Proceedings**

On March 31, 2008, Ten-Count Superseding Indictment S1

1

08-CR-0008 (RWS) was filed against Dozier in the Southern District of New York. The 7 counts for which Dozier has been convicted are described herein. Count 1 charges that from at least April 2007, up to November 2007, in the Southern District of New York and elsewhere, Dozier conspired with others to distribute and possess with intent to distribute fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Count 3 charges that on June 22, 2007, in the Southern District of New York, Dozier and two co-conspirators unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute approximately two bags of mixtures and substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Count 4 charges that on July 11, 2007, in the Southern District of New York, Dozier and two co-conspirators unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute approximately 7.2 grams of mixtures and substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). Count 5 charges that on July 27, 2007, in the Southern District of New York, Dozier and a co-conspirator unlawfully,

2

intentionally, and knowingly did distribute and possess with intent to distribute approximately 10 grams of mixtures and substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). Count 6 charges that on August 2, 2007, in the Southern District of New York, Dozier and two co-conspirators unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute approximately 18.5 grams of mixtures and substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). Count 7 charges that on August 9, 2007, in the Southern District of New York, Dozier and a co-conspirator unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute approximately 21.8 grams of mixtures and substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). Count 8 charges that on October 11, 2007, in the Southern District of New York, Dozier and a co-conspirator distributed and possessed with intent to distribute approximately 49 grams of mixtures and substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B).

3

On September 8, 2008, before the Honorable James C. Francis, Dozier entered a plea of guilty to Counts 1 and Counts 3,4,5,6,7, and 8. The Court accepted Defendant's plea on September 23, 2008.

The Government set forth its position with respect to the Guidelines in a letter pursuant to U.S. v. Pimentel as follows:

- In determining the applicable offense level, Counts 1,3,4,5,6,7, and 8 are grouped pursuant to § 3D1.2(d) of the United States Sentencing Guidelines ("Guidelines").

- Pursuant to § 3D1.3(b) of the Guidelines, the offense level applicable to Counts 1,3,4,5,6,7, and 8 is the aggregate quantity of drugs applicable to the conspiracy.

- Pursuant to § 2D1.1(a)(3) and (c)(4) of the Guidelines, the base offense level is 32 because the offense involves at least 150 grams but less than 500 grams of cocaine base.

- Pursuant to § 2D1.1(b) of the Guidelines, a 2-level increase is warranted because a dangerous weapon was possessed.

- Pursuant to § 3B1.1(a) of the Guidelines, a 4-level increase is warranted because the Defendant was a leader of the charged conspiracy, which involves 5 or more participants.

- Pursuant to § 3B1.4(b) of the Guidelines, a 2-level increase is warranted because the Defendant used a person less than 18 years of age to commit the offense.

- Assuming the Defendant clearly demonstrates

4

acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to § 3E1.1(a) of the Guidelines. Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, an additional 1-level reduction is warranted, pursuant to § 3E1.1(b), because the Defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources more efficiently.

- In accordance with the above, the applicable Guidelines total offense level for Counts 1,3,4,5,6,7, and 8 is 37.

- Based upon information available to the U.S. Attorney's Office, the Defendant has no criminal history points, which places him in Criminal History Category I.

- Based upon the calculations set forth above, the Guidelines range is 210-262 months' imprisonment. The applicable fine range pursuant to the Guidelines § 5E1.2 is $20,000 to $200,000.

On May 6, 2009, the Court received a latter from defense counsel requesting that the Court consider the 100:1 disparity between cocaine and crack offenses.

Defendant's sentencing is currently scheduled for May 11, 2009.

## The Sentencing Framework

5

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range

6

established for --

> (A) the applicable category of offense committed
> by the applicable category of defendant as
> set forth in the guidelines ...;

> (5) any pertinent policy statement ... [issued
> by the Sentencing Commission];

> (6) the need to avoid unwarranted sentence
> disparities among defendants with similar
> records who have been found guilty of
> similar conduct; and

> (7) the need to provide restitution to any victims of
> the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether

that sentence is a so-called Guidelines sentence or not. See

Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to

'impose a sentence sufficient, but not greater than necessary'

to accomplish the goals of sentencing," Kimbrough v. United

States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)),

and having considered the Guidelines and all of the factors set

forth in § 3553(a), it is determined that a Guidelines Sentence

is warranted in the instant case.

**The Defendant**

7

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Dozier's personal and family history.

## The Offense Conduct

The following description draws on the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

Between at least April 2007 and November 2007, a narcotics dealing organization, known as the "Chief Set," controlled the cocaine and cocaine base (crack) distribution business in the area of the Sedgwick Houses, a housing project located in the Bronx, New York, at 140 174th Street. Members of the Chief Set, including Shannon Dozier, carried and used weapons in furtherance of the narcotics conspiracy. An investigation by the New York City Police Department and the Drug Enforcement Administration led to the successful introduction of two undercover police officers ("UCs") into the Dozier Organization in 2007. The UCs successfully purchased large amounts of cocaine base from Shannon Dozier and other

8

members of the organization. As a result of these purchases, several of which were recorded on audio listening devices, a grand jury in the Southern District of New York returned Superseding Indictment 08 Cr. 08 in January of 2008.

On June 22, 2007, Dozier and two unidentified co-conspirators sold approximately two bags of crack cocaine and a quantity of cocaine to an undercover police officer in the vicinity of 140 West 174th Street in the Bronx, New York.

On July 11, 2007, Dozier and two unidentified co-conspirators sold approximately 7.2 grams of crack cocaine to an undercover police officer in the vicinity of 140 West 174th Street in the Bronx, New York.

On July 27, 2007, Dozier and an unidentified co-conspirator sold approximately 10 grams of crack cocaine to an undercover police officer in the vicinity of 140 West 174th Street in the Bronx, New York.

On August 2, 2007, Dozier and two unidentified co-conspirators sold approximately 18.5 grams of crack cocaine to an undercover police officer in the vicinity of 140 West 174th

Street in the Bronx, New York.

On August 9, 2007, Dozier and an unidentified co-conspirator sold approximately 21.8 grams of crack cocaine to an undercover police officer in the vicinity of 140 West 174th Street in the Bronx, New York.

On October 11, 2007, Dozier and Michael Whitehead sold approximately 49 grams of crack cocaine to an undercover police officer in the vicinity of 140 West 174th Street in the Bronx, New York.

Dozier was arrested on January 9, 2008.

Based on the information provided by the Government, it appears that Shannon Dozier can be held responsible for the distribution of at least 150, but less than 500 grams of crack cocaine.

According to the Government, during the trial of Shaun Dozier, it was established that, between 2006 and 2007, Shaun Dozier ran a large-scale crack cocaine distribution organization, along with the Defendant. The UCs in the case

10

bought approximately 250 grams of crack cocaine from the organization in 2007 over the course of a number of difference purchases. Testimony at trial established that during the charged time period, the Defendant and Shaun Dozier ran a 24-hour, 7-day a week crack-selling operation wherein a constant stream of crack addict customers bought crack from Shaun Dozier and his employees in the lobby of 150 W. 174th Street and from several apartments: apartment 6F in 150 W. 174th Street and apartment 9E in 150 W. 174th Street.

## **The Relevant Statutory Provision**

Count 1 carries a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life pursuant to 21 U.S.C. §§ 846 & 841(b)(1)(A)). Count 1 carries a mandatory term of at least 5 years of supervised release if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A).

Count 3 carries a maximum term of imprisonment of 20 years pursuant to 21 U.S.C. §§ 812 & 841(b)(1)(C)). Count 3 carries a mandatory term of at least 3 years supervised release if a sentence of imprisonment is imposed, pursuant to 21 U.S.C.

§ 841(b)(1)(C).

Counts 4-8 carry a mandatory minimum term of imprisonment of 5 years and a maximum term of imprisonment of 40 years pursuant to 21 U.S.C. § 841(b)(1)(B). Counts 4-8 carry a mandatory term of at last 4 years supervised release if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. § 841(b)(1)(B).

The Defendant is not eligible for probation for Counts 1 and 4-8 because the offenses are ones for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(B).

The Defendant is not eligible for probation for Count 3 pursuant to 18 U.S.C. § 3561(a)(3) because he is being sentenced at the same time to a term of imprisonment on a different count or case.

The maximum fines, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C), are $4 million for Count 1; $1 million for Count 3; and $2 million for each of Counts 4-8, for a total maximum fine of $15 million.

12

**The Guidelines**

The November 1, 2008 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to § 1B1.11(a).

Pursuant to § 3D1.2(d), the Counts of conviction are
grouped for computation purposes, as the offense level is
determined largely on the basis of the total amount of drugs
involved.

The guideline for the violation of 21 U.S.C. § 846 is
found in § 2D1.1 of the Guidelines. Because Dozier is
attributed with conspiring to distribute and possess with intent
to distribute at least 150 but less than 500 grams of crack, the
base offense level pursuant to § 2D1.1(c)(4) is 32.

Pursuant to § 2D1.1(b), a 2 level increase is
warranted because a dangerous weapon was possessed.

According to the Government, Shannon Dozier was an
organizer or leader of the criminal activity that involved five

13

or more participants. As such, his offense level is increased by 4 levels, pursuant to § 3B1.1(a).

Based on the Defendant's allocution before the Court, Dozier has shown recognition of responsibility for the offenses. Further, the Defendant provided timely notification of his intention to plead guilty, allowing the Government to allocate its resources more efficiently. In light of the foregoing, and since the offense level is 16 or greater, the offense is reduced 3 levels pursuant to § 3E1.1(a) and (b).

Accordingly, the applicable offense level is 35.

On November 21, 2003, Dozier was arrested for 2nd degree Robbery and was sentenced to 2 years probation. Pursuant to §§ 4A1.1(c) and 4A1.2(d)(2)(B), this conviction warrants one criminal history point.

A total of one criminal history point establishes a Criminal History Category of I, pursuant to the table at Chapter 5, Part A of the Sentencing Guidelines.

Based on a total offense level of 35 and a Criminal

14

History Category of I, the Guidelines range for imprisonment is 168-210 months.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, and in particular § 3553(a)(1) and (a)(6), imposition of a non-Guidelines sentence is warranted.

## Justification for Downward Departure

Pursuant to 18 U.S.C. § 3553(a)(6), imposition of a non-Guidelines sentence is warranted. Since the Supreme Court's decision in Booker, a number of courts, recognizing the Guidelines' disparate treatment of offenses involving crack versus powder cocaine, have imposed non-Guidelines sentences in cases involving crack. See, e.g., Simon v. United States, 361

15

F. Supp. 2d 35 (E.D.N.Y. 2005); United States v. Smith, 359 F.
Supp. 2d 771 (E.D. Wis. 2005).

Here, the sentence called for by the Guidelines is
driven largely by the weight of the drugs sold by Dozier.
Because Defendant sold crack cocaine, his sentence is greatly
enhanced in comparison to equivalent offenses involving powder
cocaine.   Thus, in the present case, the 213.43 grams of crack
involved in the charged offenses converts to 4286.6 kg of THC,
while an equivalent amount of cocaine converts to just 42.87 kg
of THC.

Courts, commentators, and the Sentencing Commission
have long criticized this disparity, which lacks persuasive
penological or scientific justification, and creates a racially
disparate impact in federal sentencing.   See Smith, 359 F. Supp.
2d at 777 (quoting United States v. Dumas, 64 F.3d 1427, 1432
(9th Cir.) (Boochever, J., concurring) and United States v.
Willis, 967 F.2d 1220, 1226 (8th Cir. 1992)).

Based on proposals by the Sentencing Commission, the
Smith court employed a 20:1 ratio between crack and powder
cocaine to determine the appropriate sentence for a crack

offense. The Supreme Court recently endorsed this approach in Spears v. United States, 129 S. Ct. 840 (2009). In Spears, the Supreme Court examined the district court's decision to depart from the Guidelines when sentencing Spears for conspiracy to distribute crack cocaine. Concluding that the Guidelines' 100:1 ratio between powder cocaine and crack cocaine yielded an excessive sentence, the district court instead applied a 20:1 crack-to-powder ratio. Id. at 841-42. The Supreme Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Id. at 843-44. It went on to conclude that "the District Court's choice of replacement ratio was based upon two well-reasoned decisions by other courts, which themselves reflected the Sentencing Commission's expert judgment that a 20:1 ratio would be appropriate" under the circumstances. Id. at 844 (citing United States v. Perry, 389 F. Supp. 2d 278, 307-308; Smith, 359 F. Supp. 2d at 781-82; United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy 106-107, App. A, at 3-6 (2002)).

Use of this 20:1 ratio in the present case will mitigate the disparity between this sentence and one imposed on

17

a defendant who engaged in substantially similar conduct that involved powder cocaine rather than crack. Based on this 20:1 ratio, Dozier's offenses are determined to have involved an amount of crack equivalent to 853.72 kg of THC. Accordingly, Dozier's base offense is deemed to be 30, and the total offense level is 33. See Guidelines § 2D1.1(c)(5).

Based on an offense level of 33 and a criminal history category of I, the Guidelines recommend a term of incarceration of 135-168 months.

Title 18 U.S.C. § 3553(a)(1) also directs the Court to consider "the history and characteristics of the defendant" when determining the appropriate sentence. Dozier was born on June 2, 1988, in the Bronx, New York. Before dropping out of school in 9th grade, Dozier attended the Bronx School of Arts and Letters, where he played on the basketball team and was on the Honor Roll. He has since earned his GED and, prior to his arrest, was scheduled to start an electrician's course at Lincoln Technical School. He has expressed an interest in becoming an electrician or an A/C refrigeration repairman.

Given Dozier's young age, his professed interest in

18

turning his life around, and the likely influence of his older brother, Shaun Dozier, in the commission of the charged offenses, a term of incarceration beyond the statutory minimum would not serve the goals of the penal system with respect to this defendant. Consequently, a downward departure from the Guidelines recommendation is warranted.

## The Sentence

For the instant offense, Dozier will be sentenced to 120 months imprisonment, followed by a five-year term of supervised release.

Dozier is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence his term of supervised release. It is recommended that Dozier be supervised by the district of his residence.

As mandatory conditions of his supervised release, Dozier shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device. The mandatory drug

testing condition is suspended due to imposition of a special condition requiring drug treatment and testing.

The standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions that:

(1) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) Defendant shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer.

Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(3) Defendant shall participate in a program of educational or vocational training to enhance marketable job skills.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $700, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for May 11, 2009.

It is so ordered.

**New York, NY**

**May $\mathcal{S}$ , 2009**

**ROBERT W. SWEET**
**U.S.D.J.**

21